UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DIANE F. RICCA,

    Plaintiff,

v.                                             CASE NO. 8:09-CV-1316-T-30MAP

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Pursuant to 42 U.S.C. § 405(g), Plaintiff seeks review of the Commissioner's decision denying her Disability Insurance Benefits ("DIB") and period of disability benefits.[1] Plaintiff argues that the Administrative Law Judge ("ALJ") erred at step four by concluding she could return to her past relevant work as an office manager. After reviewing the record, I find the ALJ applied the correct legal standards and the decision is supported by substantial evidence. Therefore, I recommend that the complaint be dismissed and the Commissioner's decision affirmed.

*A. Background*

Plaintiff, who completed high school and took some college courses and has past work experience as an office manager, paralegal, and administrative assistant, was 61 years old at the time of the ALJ's decision. She alleges a disability onset date of June 7, 2005, due to an inability to walk long distances, difficulty getting up from a chair, leg and back pain, loss of balance and leg give-away, an inability to lift items due to her use of a cane, an inability to concentrate on matters

---

[1] This matter has been referred to me pursuant to Local Rule 6.01(c)(21).

requiring intense thought or thinking processes, sleeplessness, and depression. Following the hearing in which a vocational expert (VE) testified, the ALJ ruled Plaintiff was able to perform work at a sedentary level, lifting up to five pounds frequently and ten pounds occasionally, and sitting for six hours and standing/ walking for two hours in a workday. The ALJ specified that the Plaintiff must be permitted to use a cane to ambulate, can occasionally balance and stoop, cannot kneel or crawl, and cannot work with dangerous machinery or at unprotected heights. Based upon the VE's testimony and the RFC, the ALJ opined that the Plaintiff could return to her prior work as an office manager. After the Appeals Council denied her request for review, the Plaintiff filed this action for judicial review.

*B. Standard of Review*

To be entitled to disability insurance benefits a claimant must be unable to engage in any substantial gainful activity by reason of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. *See* 42 U.S.C. § 423(d)(1)(A). A "physical or mental impairment" is an impairment that results from anatomical, physiological, or psychological abnormalities, which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques. *See* 42 U.S.C. § 423(d)(3).

The Social Security Administration, in order to regularize the adjudicative process, promulgated the detailed regulations that are currently in effect. These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R. § 404.1520. If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary. 20 C.F.R. § 404.1520(a). Under this process, the ALJ must determine, in sequence, the following:

whether the claimant is currently engaged in substantial gainful activity; whether the claimant has a severe impairment, i.e., one that significantly limits the ability to perform work-related functions; whether the severe impairment meets or equals the medical criteria of Appendix 1, 20 C.F.R. Subpart P; and whether the claimant can perform his past relevant work. If the claimant cannot perform the tasks required or her prior work, step five of the evaluation requires the ALJ to decide if the claimant can do no other work in the national economy in view of his age, education, and work experience. A claimant is entitled to benefits only if unable to perform other work. *See Bowen v. Yuckert*, 482 U.S. 137 (1987); 20 C.F.R. §§ 404.1520(f).

In reviewing the ALJ's findings, this Court must ask if substantial evidence supports those findings. *Richardson v. Perales*, 402 U.S. 389 (1971). The ALJ's factual findings are conclusive if "substantial evidence" consisting of "relevant evidence as a reasonable person would accept as adequate to support a conclusion" exists. *See* 42 U.S.C. § 405(g); *Keeton v. Department of Health and Human Services*, 21 F.3d 1064 (11th Cir. 1994). The Court may not re-weigh the evidence or substitute its own judgment for that of the ALJ even if it finds that the evidence preponderates against the ALJ's decision. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). Further the Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that she has conducted the proper legal analysis, mandates reversal. *Keeton*, 21 F.3d at 1066; *Jamison v. Bowen*, 814 F.2d 585 (11th Cir. 1987) (remand for clarification).

*C. Discussion*

Plaintiff's sole argument is that the ALJ erred in finding she is capable of performing her past relevant work as an office manager. In support, the Plaintiff asserts only that the ALJ erred by

3

failing to include all of the limitations set forth by examiner Dr. Kiesel into the RFC assessment and into the hypothetical posed to the VE. As the Commissioner notes, however, the ALJ's decision shows otherwise. Dr. Kiesel, an independent examining physician who examined Plaintiff twice in connection with Plaintiff's work-related slip-and-fall, opined in August 2007 that Plaintiff's alleged right knee pain was her primary problem. Although Plaintiff had originally reported injuries to her hands, elbows, and low back, by August 2007, Dr. Kiesel found that her hands and elbows had healed, and that she reported only some low back stiffness. He opined that Plaintiff "has a marked partial disability in that she cannot walk very far, she certainly can not squat or kneel, climb stairs, or get up and down out of a desk or chair very readily. She could work in a sedentary position in a fairly protected environment if such a job was available." (R. 147) Similarly, upon examining the Plaintiff in June 2008, Dr. Kiesel again opined that Plaintiff's right knee remained the primary problem, noting that she cannot twist, walk far, and experiences instability and buckling when stepping back. He stated that Plaintiff was not in any acute distress or severe pain, and continued to use a cane for support when walking, and diagnosed traumatic arthritis in the medial compartment of her right knee and instability of the medial collateral ligament. Dr. Kiesel did not recommend further treatment, and again described her as partially disabled, limiting her ability to walk far, stand for a long time, squat, kneel, climb stairs, get up and down from her seat, walk while carrying items in her arms such as files and books due to her cane use. (R. 141)

The ALJ assigned significant weight to Dr. Kiesel's assessment of the Plaintiff's "degree of limitation." (R. 16) He found Dr. Kiesel's opinions "largely consistent" with the opinions of Drs. Fulco and Buckner. (R.16) Dr. Kiesel's reports are consistent with the ALJ's RFC finding that Plaintiff is capable of sedentary work with no frequent lifting over five pounds, the need to use a

4

cane to walk, and the postural and environmental limitations set forth in the RFC finding. *See* R. 14-15, finding 5. Moreover, the Plaintiff's own testimony is consistent with the ALJ's RFC finding. At the hearing, the ALJ specifically questioned the Plaintiff regarding her ability to pick up and carry light-weight items in her hands while using her cane, and she testified that she was able to do so. (R. 354) Plaintiff also testified that she is able to get up from certain types of chairs, depending on the chair and her pain level. She is able to go out to dinner, spend time on her computer, go to church, ride in a car with her husband, and visit a senior center. The ALJ noted that the Plaintiff's activities show that she is not wholly precluded from sitting down and getting up from a chair, and are consistent with Dr. Kiesel's opinion that she can do sedentary work with additional limitations.

Plaintiff asserts the ALJ neglected to include all of Dr. Kiesel's limitations into the RFC and the hypothetical posed to the VE. However, as set forth above, the because the ALJ found Plaintiff did not suffer from a complete inability to sit down and get up from a chair or a wholesale inability to walk or carry lightweight items in her hand while ambulating with her cane, he did not need to include these facts in the RFC or in the hypothetical question. *See Wolfe v. Chater*, 86 F.3d 1072, 1078 (11th Cir. 1996) (ALJ is not required to include limitations found not credible in hypothetical to VE, and submits to the expert only those supported by objective evidence of record). Accord *McSwain v. Bowen*, 814 F.2d 617, 620 n.1 (11th Cir. 1987). Finally, although the Plaintiff described her particular office manager job as medium work, the ALJ did not err in relying on the Dictionary of Occupational Title's (DOT) description of the job of office manager as sedentary work as performed in the national economy. The regulations require the claimant to prove she is unable perform her past *kind* of work, not that she is merely unable to perform her prior specific job. *Jackson v. Bowen*, 801 F.2d 1291, 1293 (11th Cir. 1986) citing §§ 404.1520(e), 416.1520(e). As in

5

*Jackson*, Plaintiff failed to demonstrate inability to perform office manager jobs in general. Although Plaintiff described the job as requiring medium work (R. 363), the ALJ appropriately characterized the job of office manager as a sedentary exertional level job as generally performed in the national economy. *See* SSR 82-61 (stating *DOT* may be relied upon to determine demands of a job as generally performed in the national economy). The ALJ considered the record evidence, VE opinions, and applicable regulations before concluding the Plaintiff is capable of performing the demands and duties of work as an office manager as generally performed in the national economy, and her decision is supported by competent and substantial evidence.

*C. Conclusion*

For the reasons stated, it is hereby

RECOMMENDED:

1. That the Plaintiff's complaint be dismissed and the Commissioner's decision be affirmed.

2. That the clerk be directed to enter judgment for the Commissioner.

IT IS SO REPORTED in chambers at Tampa, Florida on this July 9, 2010.

MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE

NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal. 28 U.S.C. § 636(b)(1).

Copies furnished to:
The Hon. James S. Moody